*154
 
 OPINION OF THE COURT
 

 Graffeo, J.
 

 In this appeal we consider whether a police officer who was driving a patrol car in response to a 911 dispatch call to investigate a family dispute was engaged in the “emergency operation” of a vehicle as defined in Vehicle and Traffic Law § 114-b. We hold as a matter of law that the driver was involved in an “emergency operation.” Consequently, his actions should not have been measured by the jury under ordinary negligence standards, but rather by the “reckless disregard” standard of section 1104 (e) of the Vehicle and Traffic Law.
 

 Plaintiff Joseph Criscione and defendant Thomas Perrone, both New York City police officers, were on a tour of duty in Brooklyn, traveling in a police radio patrol car. Officer Perrone was the driver of the vehicle, while plaintiff sat in the front
 
 *155
 
 passenger seat and served as the recorder.
 
 [1]
 
 After completing a precinct assignment, the officers received a radio call from a police dispatcher to investigate a 911 call regarding a family-dispute. En route to the site of the complaint, the patrol car entered an intersection and collided with a civilian vehicle operated by defendant Sandra Ferro. Plaintiff suffered injuries as a result of the accident.
 

 Plaintiff commenced this action against Perrone, the City of New York and Ferro. During the liability phase of the bifurcated jury trial, Perrone testified that, prior to the accident, he and plaintiff received a “10-52” radio call from a dispatcher, who stated that a female caller “needs police at location. Male is kicking the door.” Explaining that the Police Department used different code designations for radio calls, Perrone indicated that in 1994 a “10-52” call referred to a “dispute” under the category of “non-crime incidents.”
 
 [2]
 
 He further stated that, in accordance with departmental policy regarding “non-crime” calls, he did not increase the speed of the vehicle or activate the siren or turret lights while driving to the scene because the call did not fit the criteria for an emergency response. Plaintiff testified that he too considered the radio call a “non emergency.”
 

 At the close of evidence on liability, plaintiff moved for a directed verdict, requesting the court to rule, as a matter of law, that Perrone was not involved in an emergency operation in the context of Vehicle and Traffic Law § 1104. Plaintiff relied primarily on Perrone’s testimony that the 10-52 call did not constitute an emergency situation under either departmental rules or in his judgment. Supreme Court reserved decision on this motion. The City responded with a motion to dismiss the complaint and for a directed verdict, arguing that Perrone was operating an “authorized emergency vehicle” engaged in an “emergency operation” pursuant to Vehicle and Traffic Law §§ 101, 114-b and 1104. The City further asserted that it was entitled as a matter of law to a jury instruction regarding “emergency operation” and a charge that the officer’s conduct could only be assessed under the “reckless disregard” stan
 
 *156
 
 dard, not by the less stringent negligence standard otherwise applicable.
 

 Supreme Court denied the City’s motions and submitted to the jury the question whether Perrone was involved in an “emergency operation” at the time of the accident. The jury returned a unanimous verdict, finding that the officer was not involved in an “emergency operation,” and that he proximately caused the accident by exceeding the speed limit and negligently operating the patrol car. The jury found Perrone and the City 100% at fault and, at the close of the damages phase, awarded plaintiff $1 million for past and future pain and suffering. The Appellate Division affirmed, holding that Supreme Court properly gave the jury the question whether the police vehicle was involved in an “emergency operation.” Moreover, the court determined that Supreme Court’s “failure to instruct the jury on recklessness did not constitute error since the jury found that Officer Perrone was not involved in an emergency operation at the time the accident occurred” (279 AD2d 547, 548). We granted leave to appeal to the City and Perrone, and now reverse.
 

 Three provisions of the Vehicle and Traffic Law underlie the issue in this appeal. Vehicle and Traffic Law § 101 sets forth the categories of vehicles designated as an “authorized emergency vehicle,” and police vehicles are specifically listed in the statute. Section 114-b describes the vehicular operations that constitute “emergency operation”:
 

 “The operation,
 
 or parking,
 
 of an authorized emergency vehicle, when such vehicle is
 
 engaged in transporting a sick or injured person, transporting prisoners, delivering blood or blood products in a situation involving an imminent health risk, pursuing an actual or suspected violator of the law, or
 
 responding to,
 
 or working or assisting at the scene of an accident, disaster,
 
 police call,
 
 alarm of fire, actual or potential release of hazardous materials or other emergency. Emergency operation shall not include returning from such service” (emphasis added).
 

 Furthermore, the driver of an “authorized emergency vehicle” engaged in an “emergency operation” is exempt from certain “rules of the road” under Vehicle and Traffic Law § 1104
 
 (see, Riley v County of Broome,
 
 95 NY2d 455, 462 [2000]). But this qualified privilege does not relieve the driver “from the duty to
 
 *157
 
 drive with due regard for the safety of all persons, nor shall [it] protect the driver from the consequences of his [or her]
 
 reckless disregard
 
 for the safety of others” (Vehicle and Traffic Law § 1104 [e] [emphasis added]).
 

 Relying on the plain language of Vehicle and Traffic Law § 114-b, the City argues that Supreme Court erred in not holding as a matter of law that the officers were involved in an “emergency operation” where it was undisputed that they were responding to a 911 call for assistance relayed to them by a police dispatcher. The City contends that had Supreme Court properly held that the officer was engaged in the “emergency operation” of the patrol car, Perrone would have been entitled to the statutory qualified privilege to disregard certain rules of the road and could be liable only for any injury that resulted from the operation of the patrol car under a standard of “reckless disregard” for the safety of others.
 

 Plaintiff asserts that section 114-b should not be applied literally in all instances and urges a construction that would take into consideration the nature of the Police Department’s own classification of a dispatch call. Plaintiff contends that, under this standard, the issue of whether Perrone was involved in an “emergency operation” was properly submitted to the jury as a question of fact and correctly decided since, at the time of the accident, the Department classified a 10-52 call as a “non-crime” and neither officer felt that this call rose to the level of an emergency situation.
 

 Our analysis begins with the plain meaning of the relevant statutory provisions (see,
 
 e.g., Rosner v Metropolitan Prop. & Liab. Ins. Co.,
 
 96 NY2d 475, 479 [2001];
 
 Majewski v Broadalbin-Perth Cent. School
 
 Dist., 91 NY2d 577, 583 [1998]). “We have recognized that meaning and effect should be given to every word of a statute”
 
 (Leader v Maroney, Ponzini & Spencer,
 
 97 NY2d 95, 104 [2001]). Section 101 classifies a “police vehicle” as an “authorized emergency vehicle.” Among the particular circumstances that the Legislature specified in section 114-b as qualifying as an “emergency operation” is the operation of an authorized emergency vehicle “when such vehicle is * * * responding to * * * [a] police call.” Although section 114-b does not define the phrase “police call,” we see no reason why a radio call to officers on patrol by a police dispatcher regarding a 911 complaint should not fall squarely within the plain meaning of that term, nor do we discern any legislative intent to vary the definition of “emergency operation” based on individual police department incident classifications. Hence, the
 
 *158
 
 requirements of section 114-b were met as it is undisputed that Perrone was operating a patrol vehicle while responding to a police dispatch to investigate a 911 call when he was involved in the traffic accident. We hold therefore that Perrone was involved in an “emergency operation” as a matter of law at the time of the accident.
 

 Given the legislative determination that a police dispatch call is an “emergency operation,” it is irrelevant whether the officers believed that the 10-52 call was an emergency or how the Police Department categorized this type of call. As we noted in
 
 Saarinen v Kerr
 
 (84 NY2d 494, 503 n 3 [1994]), whether Perrone violated a New York City Police Department policy in responding to this type of call “would [merely] be an important, although not dispositive, factor in determining whether [he] had acted recklessly.” Thus, Supreme Court erred in failing to conclude that Perrone was involved in an “emergency operation” as a matter of law, and to instruct the jury that Vehicle and Traffic Law § 1104 grants a driver of an “authorized emergency vehicle[]” a qualified privilege to disregard the ordinary rules of prudent and responsible driving, subject to a “reckless disregard” standard of liability (see, Vehicle and Traffic Law § 1104 [e];
 
 see also, Szczerbiak v Pilat,
 
 90 NY2d 553, 556-557 [1997];
 
 Campbell v City of Elmira,
 
 84 NY2d 505, 510-511 [1994];
 
 Saarinen,
 
 84 NY2d, at 500-501).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and a new trial ordered.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.
 

 [1]
 

 . According to trial testimony, a “recorder” is the officer responsible for memorializing the calls that are received and communicating with the police dispatchers.
 

 [2]
 

 . The Police Department’s “Radio Code Signals Card,” which was introduced as an exhibit at trial, listed other “non-crime incidents,” such as “[vjehicle accident,” “[a]Iarm of fire” and “[ujnusual incident (specify: aircraft crash, building collapse, etc.).”