■ James F. Allen et al., Individually and as Coexecutors of Delia H. Allen, Deceased, Respondents, v Town of Amherst, Appellant, et al., Defendant. [778 NYS2d 598]—

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 10, 2003 in a personal

injury action. The judgment was entered upon a jury verdict and awarded plaintiffs the amount of $193,752.10.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against defendants, Town of Amherst (Town) and Town Police Officer Brian G. Miller, seeking to recover damages arising from the death of Delia H. Allen (decedent) as a result of a motor vehicle accident between a police vehicle operated by Miller and the vehicle operated by decedent. On a prior appeal, we modified an order of Supreme Court (Joseph D. Mintz, J.) granting the motion of the Town and Miller for summary judgment dismissing the complaint by denying the motion in part and reinstating the complaint insofar as it sought to impose liability on the Town with respect to Miller's operation of the police vehicle (*Allen v Town of Amherst*, 294 AD2d 828 [2002]). We concluded that there was "a triable issue of fact whether Miller acted with reckless disregard for the safety of others in his operation of the police vehicle" (*id.* at 829). The Town now appeals from a judgment entered upon a jury verdict in favor of plaintiffs in the amount of $193,752.10.

Contrary to the contention of the Town, Supreme Court (Patrick H. NeMoyer, J.), properly allowed plaintiffs to introduce evidence of the nature of the call to which Miller was responding. Although all police officers in patrol vehicles responding to police calls are involved in an emergency operation within the meaning of Vehicle and Traffic Law § 114-b (*see Criscione v City of New York,* 97 NY2d 152, 157-158 [2001]), the nature of the call nevertheless is relevant in determining whether a responding officer's conduct was in reckless disregard for the safety of others (*see id.* at 158; *see also* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494, 501-502 [1994]). Plaintiffs established at trial that Miller received a police dispatch concerning "customer trouble" that involved an intoxicated patron of a bar. Although Miller was aware that another officer was responding to the call, Miller also responded, operating his police vehicle at speeds of up to 70 miles per hour through a small village where there was "light" to "moderate" traffic on the road. The accident occurred at approximately 4:45 P.M. Plaintiffs' expert testified that such a response was unwarranted under the rules and regulations of the Town police department and that Miller's operation of the police vehicle under those circumstances and in response to a routine call was in reckless disregard for the safety of others. Whether Miller violated the rules and regulations of the Town police depart-

ment in responding to that type of call is "an important, although not dispositive, factor in determining whether [Miller] had acted recklessly" (*Saarinen,* 84 NY2d at 503 n 3; *see Criscione,* 97 NY2d at 158).

Because the Town failed to perfect its appeal from the order precluding the Town from calling any experts or eliciting any expert opinion testimony, that appeal was deemed abandoned and dismissed (*see* 22 NYCRR 1000.12 [b]). Were we to consider the merits of the propriety of that order (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, 755-756 [1999]; *cf. Knauer v Anderson,* 2 AD3d 1314, 1315 [2003]), we would affirm. Present—Green, J.P., Pine, Scudder and Hayes, JJ.