■ MARK O'BANNER et al., Respondents, v COUNTY OF SULLIVAN et al., Appellants. [792 NYS2d 230]—

Crew III, J. Appeal from an order of the Supreme Court (Clemente, J.), entered March 24, 2004 in Sullivan County, which denied defendants' motion for summary judgment dismissing the complaint.

In July 2001, defendant Keith E. Stephenson, a Sullivan County Deputy Sheriff, was operating his radio patrol car eastbound on State Route 17B in the Town of Monticello, Sullivan County, when he received a radio dispatch report of a black automobile proceeding eastbound on Route 17B in an erratic fashion. In response to this report, Stephenson turned his patrol car around and proceeded westbound on Route 17B looking for the vehicle in question. As Stephenson approached the intersection of Route 17B and West Broadway in what he described as heavy traffic, he observed a black automobile headed eastbound on Route 17B. As this vehicle passed him, Stephenson turned and looked over his shoulder for approximately two seconds in an attempt to identify the vehicle. When he again turned his attention to the road ahead of him, he struck the rear end of a vehicle owned by plaintiff Aleta Lymon and operated by plaintiff Mark O'Banner, which was stopped at the intersection of Route 17B and West Broadway in order to make a left-hand turn.

Plaintiffs thereafter commenced this action seeking to recover for injuries allegedly sustained during the course of the accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint upon the ground that they were entitled to qualified immunity pursuant to Vehicle and Traffic Law § 1104. Supreme Court denied the motion as untimely, having been made well beyond the deadline set forth in the court's preliminary conference stipulation and order and, upon reaching the merits, concluded that questions of fact existed as to whether Stephenson was engaged in an "emergency operation" at the time of the accident and, further, whether his operation of his patrol vehicle on the day in question was reckless. This appeal by defendants ensued.

Preliminarily, inasmuch as Supreme Court ultimately denied defendants' motion on the merits, the issue of its timeliness

need not detain us. Turning to the merits, we conclude that Supreme Court erred in failing to find, as a matter of law, that Stephenson was engaged in an emergency operation at the time of the accident. Prevailing case law leaves no doubt that a police officer in a patrol vehicle responding to a police call or dispatch is engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 114-b (*see Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]; *Allen v Town of Amherst*, 8 AD3d 996, 997 [2004]; *Hughes v Chiera*, 4 AD3d 872, 873 [2004]). Thus, Stephenson is entitled to the qualified immunity afforded by Vehicle and Traffic Law § 1104 and, as such, "can only be held liable if his conduct demonstrated a 'reckless disregard for the safety of others' " (*Sweeney v Peterson*, 1 AD3d 650, 651 [2003], quoting Vehicle and Traffic Law § 1104 [e]; *see Saarinen v Kerr*, 84 NY2d 494, 501 [1994]).

Based upon our review of the record as a whole, we agree with Supreme Court that a question of fact exists as to whether Stephenson's conduct on the day in question rises to the level of recklessness. Although Stephenson testified at his examination before trial that he did not exceed 25 miles per hour while looking for the suspect vehicle (the posted speed limit was 30 miles per hour) and that he was traveling approximately 15 miles per hour when he struck the vehicle occupied by plaintiffs, he nonetheless acknowledged that the force of the impact propelled his patrol vehicle, which was in the passing lane of westbound Route 17B, i.e., the left lane, off the right-hand shoulder of the road. Additionally, O'Banner testified at his examination before trial that the impact occurred with sufficient force to push plaintiffs' vehicle an additional 25 feet, causing it to spin around and face eastbound on Route 17B. As noted previously, Stephenson acknowledged that he was proceeding in heavy traffic immediately prior to the accident, and he further testified that he did not activate either the light bar or the sirens on his patrol vehicle during his search for the suspect vehicle. When questioned on this point, Stephenson indicated that he did not activate his vehicle's lights or siren because he had not received any information about the suspect vehicle that would warrant the use of those devices. While the nature of the underlying police call or the officer's perception of its urgency is irrelevant for purposes of ascertaining whether the officer was engaged in an emergency operation pursuant to Vehicle and Traffic Law § 114-b, "the nature of the call nevertheless is relevant in determining whether a responding officer's conduct was in reckless disregard for the safety of others" (*Allen v Town of Amherst, supra* at 997). As questions of fact regarding Stephenson's conduct remain, defendants' motion for summary judgment dismissing the complaint was properly denied.

Cardona P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.