RUDOLPH V. HEROD et al., Respondents, v MICHAEL C. MELE et al., Appellants, et al., Defendants. [877 NYS2d 807]—

Appeal from an order of the Supreme Court, Orleans County (James H. Dillon, J.), entered September 10, 2008 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants Michael C. Mele, County of Orleans, and Orleans County Sheriff's Department for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for partial summary judgment dismissing the complaint against defendant Michael C. Mele and dismissing the complaint against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle operated by plaintiff wife in which plaintiff husband was a passenger collided with a police vehicle operated by defendant Michael C. Mele, a Sheriff's Deputy for defendant County of Orleans (County). We conclude that Supreme Court erred in denying that part of the motion of Mele, the County, and defendant Orleans County Sheriff's Department (collectively, County defendants) for partial summary judgment dismissing the complaint against Mele, and we therefore modify the order accordingly. At the time of the collision, Mele was operating a police vehicle while responding to a dispatch call concerning a fight in progress. We thus conclude that Mele was operating an authorized emergency vehicle while involved in an emergency operation (*see* Vehicle and Traffic Law §§ 101, 114-b), and thus that the reckless disregard standard of liability pursuant to Vehicle and Traffic Law § 1104 (e), rather than that of ordinary negligence, applies to his actions (*see Criscione v City of New York*, 97 NY2d 152, 157-158 [2001]; *Hughes v Chiera*, 4 AD3d 872 [2004]). The County defendants established as a matter of law that Mele's conduct did not rise to the level of reckless disregard for the safety of others (*see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]), and plaintiffs failed to raise a triable issue of fact in opposition to that part of the motion (*see Salzano v Korba*, 296 AD2d 393, 394-395 [2002]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The fact that Mele was exceeding the posted speed limit at the time of the collision "certainly cannot alone constitute a predicate for liability, [inasmuch as such conduct] is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (*Saarinen v Kerr*, 84 NY2d 494, 503 [1994]). Even assuming, arguendo, that Mele was traveling on wet roads without having activated the lights and siren on his police vehicle and that he experienced a short-term reduction in visibility of the intersection where the collision occurred, we conclude that those factors also do not rise to the level of reckless disregard for the safety of others under the circumstances of this case. The record establishes that he had the right-of-way at the intersection, and there is no evidence of any traffic at or near that intersection other than plaintiffs' vehicle (*cf. Spalla v Village of Brockport*, 295 AD2d 900, 900-901 [2002]; *Allen v Town of Amherst*, 294 AD2d 828, 829 [2002], *lv denied* 3 NY3d 609 [2004]). Based on the threat to the safety of the persons involved in the fight to which Mele was responding, he was duty-bound to use all reasonable means to arrive at the scene as soon as possible (*see Saarinen*, 84 NY2d at 502-503). The risks taken by Mele in responding to the call were justified

(*see Szczerbiak*, 90 NY2d at 557; *Saarinen*, 84 NY2d at 503). Finally, the conclusory assertions in the affidavit of plaintiffs' accident reconstruction expert were insufficient to raise an issue of fact to defeat that part of the motion with respect to Mele (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Liccione v Gearing*, 252 AD2d 956, 957 [1998], *lv denied* 92 NY2d 818 [1999]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.