# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**524**

**CA 11-01871**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

NIKOLA K. NIKOLOV, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF CHEEKTOWAGA, TOWN OF CHEEKTOWAGA POLICE
DEPARTMENT AND POLICE OFFICER TIMOTHY TURNBULL,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Paula L.
Feroleto, J.), entered June 3, 2011 in a personal injury action. The
order granted the motion of defendants for summary judgment dismissing
the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when the vehicle he was operating collided at an
intersection with a police vehicle operated by defendant Police
Officer Timothy Turnbull (defendant officer) for defendant Town of
Cheektowaga. Defendants thereafter moved to dismiss the complaint for
failure to state a cause of action and for summary judgment dismissing
the complaint. In support of the motion insofar as it sought summary
judgment dismissing the complaint, defendants contended, inter alia,
that the facts alleged did not rise to the level of "reckless
disregard" required for the imposition of liability under Vehicle and
Traffic Law § 1104 (e). Supreme Court granted the motion insofar as
it sought summary judgment dismissing the complaint on that ground.
We affirm.

At the time of the collision, defendant officer was operating a
police vehicle while responding to a dispatch call concerning a driver
on the highway operating a vehicle in a reckless manner. There is no
dispute that defendant officer's vehicle entered the intersection
against a red light.

We conclude that defendant officer was operating an authorized
emergency vehicle while involved in an emergency operation (*see*

Vehicle and Traffic Law §§ 101, 114-b).  Thus, the standard of liability pursuant to Vehicle and Traffic Law § 1104 (e), i.e., reckless disregard for the safety of others, rather than that of ordinary negligence, applies to his actions (see *Criscione v City of New York*, 97 NY2d 152, 157-158; *Hughes v Chiera*, 4 AD3d 872).  Defendants established as a matter of law that defendant officer's conduct did not rise to the level of reckless disregard for the safety of others (see *Szczerbiak v Pilat*, 90 NY2d 553, 556-557), and plaintiff failed to raise a triable issue of fact in opposition to that part of the motion (see *Salzano v Korba*, 296 AD2d 393, 394-395; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Proceeding through a red light is expressly set forth in Vehicle and Traffic Law § 1104 (a) (2) as one of the privileges extended to an authorized police vehicle engaged in an emergency operation (see *Kabir v County of Monroe*, 16 NY3d 217, 222-223).  Even assuming, arguendo, that defendant officer had not engaged the police vehicle's siren and emergency lights, we conclude that such fact alone cannot establish a predicate for liability inasmuch as the use of the siren and/or emergency lights is not required for police vehicles to obtain the benefits of the statute (see § 1104 [c]; *Herod v Mele*, 62 AD3d 1269, 1270, *lv denied* 13 NY3d 717).  In addition, even assuming, arguendo, that defendant officer experienced a short-term reduction in visibility of the intersection where the collision occurred, we conclude that such factor also does not constitute reckless disregard for the safety of others under the circumstances of this case (see *Herod,* 62 AD3d at 1270).  With respect to the speed at which the police vehicle entered the intersection, defendant officer testified at his deposition that he was traveling at 15 miles per hour.  Plaintiff testified at his deposition, however, that he did not observe the police vehicle at any time prior to the collision and thus was not able to provide a competent estimate of its speed, and the passenger in plaintiff's vehicle testified at her deposition that she was "not a driver" and "can't tell" speed.  "In the absence of a showing that [the passenger] was qualified to give an estimate of a specific speed at which a [vehicle] was traveling," her deposition testimony concerning the speed at which the police vehicle was traveling constitutes inadmissible opinion evidence (*Swoboda v We Try Harder*, 128 AD2d 862, 863; see *Larsen v Vigliarolo Bros.*, 77 AD2d 562, *lv denied* 52 NY2d 702).  We therefore conclude that there is no evidence that defendant officer " 'intentionally [did] an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and [did] so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d 494, 501).

Entered:  June 8, 2012                      Frances E. Cafarell
                                            Clerk of the Court