# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**952.2**
**CA 13-02214**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

CHARLES G. MICHAELS AND ELIZABETH MICHAELS,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

MATTHEW DRAKE AND CITY OF ROCHESTER,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

WILLIAM P. SMITH, JR., ROCHESTER, FOR PLAINTIFFS-APPELLANTS.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 4, 2013. The judgment dismissed the complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Charles G. Michaels when the vehicle he was driving collided with a vehicle driven by defendant Matthew Drake, a police officer with defendant City of Rochester. Following a bench trial, Supreme Court found in favor of defendants and dismissed the complaint. We affirm. Viewing the evidence in the light most favorable to sustain the judgment following this bench trial (*see Wayne Coop. Ins. Co. v Woodward*, 21 AD3d 1270, 1272), we conclude that a fair interpretation of the evidence supports the court's verdict. It is undisputed that at the time of the accident Drake was operating his vehicle in response to a dispatch call concerning a domestic dispute. He was thus engaged in the emergency operation of a vehicle as defined in Vehicle and Traffic Law § 114-b as a matter of law (*see Criscione v City of New York*, 97 NY2d 152, 154; *Nikolov v Town of Cheektowaga*, 96 AD3d 1372, 1373), and the applicable standard of liability is reckless disregard for the safety of others rather than ordinary negligence (*see* § 1104 [e]; *Criscione*, 97 NY2d at 154; *Herod v Mele*, 62 AD3d 1269, 1270, *lv denied* 13 NY3d 717). Although Drake admitted that he exceeded the speed limit in responding to the dispatch, speeding is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3) provided that the driver "does not endanger life or property" (*id.; see Saarinen v Kerr*, 84 NY2d 494, 499; *Herod*, 62 AD3d at 1270), and his conduct did not constitute the type of recklessness necessary for liability to attach (*see Szczerbiak v Pilat*, 90 NY2d

553, 557; *Dodds v Town of Hamburg*, 117 AD3d 1428, 1429-1430).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court