Martinez v City of Rochester (2018 NY Slip Op 06398)





Martinez v City of Rochester


2018 NY Slip Op 06398


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1004 CA 18-00361

[*1]SHANTAE R. MARTINEZ, PLAINTIFF-APPELLANT,
v
CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT AND JEREMY NASH, DEFENDANTS-RESPONDENTS. 






PARISI & BELLAVIA, LLP, ROCHESTER (JAMES E. MASLYN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (PATRICK BEATH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an amended order of the Supreme Court, Monroe County (William K. Taylor, J.), entered May 11, 2017. The amended order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries that she sustained when the vehicle in which she was a passenger (plaintiff's vehicle) collided with a Rochester Police Department patrol vehicle. Plaintiff now appeals from an amended order that, inter alia, granted defendants' motion for summary judgment dismissing the complaint. We affirm.
Pursuant to Vehicle and Traffic Law § 1104, the driver of an authorized emergency vehicle, including a "police vehicle" (§ 101), who is responding to a police call may "[p]roceed past a steady red signal . . . , but only after slowing down as may be necessary for safe operation" (§ 1104 [b] [2]; see § 114-b; see generally Kabir v County of Monroe, 16 NY3d 217, 230-231 [2011]). An officer engaged in such privileged conduct cannot be held liable unless his or her conduct demonstrates a reckless disregard for the safety of others (see § 1104 [e]) or, in other words, "rises to the level of recklessness" (Saarinen v Kerr, 84 NY2d 494, 497 [1994]). In order to establish recklessness, "there must be evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]).
Here, in support of their motion, defendants established that defendant Jeremy Nash was responding to a police call with his emergency lights and sirens activated when he slowed his patrol vehicle and then entered the intersection against a red light, whereupon plaintiff's vehicle entered the intersection with a green light and struck the side of the patrol vehicle. Thus, we conclude that defendants established as a matter of law that Nash's conduct did not rise to the level of reckless disregard for the safety of others (see generally Szczerbiak v Pilat, 90 NY2d 553, 556-557 [1997]). We also conclude that plaintiff failed to raise a triable issue of fact in opposition to the motion (see Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]; Herod v Mele, 62 AD3d 1269, 1270 [4th Dept 2009], lv denied 13 NY3d 717 [2010]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, "[t]he officer's alleged violation of internal guidelines [of the Rochester Police Department] . . . failed to establish that his conduct was reckless" (Teitelbaum v [*2]City of New York, 300 AD2d 649, 650 [2d Dept 2002], lv denied 100 NY2d 513 [2003]; see generally Gilson v Metropolitan Opera, 5 NY3d 574, 577 [2005]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court