McGough v City of Long Beach (2019 NY Slip Op 05653)





McGough v City of Long Beach


2019 NY Slip Op 05653


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00541
 (Index No. 607551/15)

[*1]Thomas M. McGough, appellant, 
v
City of Long Beach, et al., respondents.


Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 27, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for injuries he allegedly sustained when a police car operated by the defendant Nicholas Rooney collided with the vehicle the plaintiff was operating on West Beech Street in Nassau County. Just prior to the accident, a man and a woman were arguing at the corner of West Beech Street and Delaware Avenue. Rooney, who was on patrol and traveling west on West Beech Street in front of the plaintiff, stopped his vehicle for a few seconds just after passing Delaware Avenue and then began to reverse his vehicle, colliding with the front of the plaintiff's vehicle. Rooney testified at his deposition that, as he passed by the man and woman, he saw the man raise his right arm and thought that the man might strike the woman, but his view became obstructed. Rooney testified that he then stopped his vehicle for a few seconds, checked his mirrors, did not see any vehicles in the mirrors, activated the emergency lights, and began to reverse, and his vehicle struck the plaintiff's vehicle.
The defendants, Rooney and the City of Long Beach, moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Vehicle and Traffic Law § 1104 affords drivers of authorized emergency vehicles certain privileges when involved in an emergency operation (see Vehicle and Traffic Law § 1104[a], [b]; Frezzell v City of New York, 24 NY3d 213, 217; Kabir v County of Monroe, 16 NY3d 217, 220). An "[e]mergency operation" includes "pursuing an actual or suspected violator of the law, or responding to, or working or assisting at the scene of an accident, disaster, police call, alarm of fire, actual or potential release of hazardous materials or other emergency" (Vehicle and Traffic Law § 114-b; see Criscione v City of New York, 97 NY2d 152). When a driver of an authorized emergency vehicle is involved in an emergency operation and engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b), a reckless disregard standard of care applies in determining civil liability for damages resulting from the privileged operation of the [*2]emergency vehicle (see Vehicle and Traffic Law § 1104[e]; Kabir v County of Monroe, 16 NY3d at 220).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of Rooney, who testified that he was backing up his vehicle to investigate a possible assault in progress when the accident occurred (see Vehicle and Traffic Law § 1104[b]; Jimenez-Cruz v City of New York, 170 AD3d 975, 976). Further, the defendants established that Rooney's actions in backing up his vehicle with the emergency lights engaged did not amount to reckless disregard (see Frezzell v City of New York, 24 NY3d at 218; Saarinen v Kerr, 84 NY2d 494, 501; Jimenez-Cruz v City of New York, 170 AD3d at 976). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court