Farwell v City of Syracuse (2022 NY Slip Op 01949)





Farwell v City of Syracuse


2022 NY Slip Op 01949


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1177 CA 21-00611

[*1]FREDERICK N. FARWELL, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, SYRACUSE POLICE DEPARTMENT AND GREGORY J. DIPUCCIO, DEFENDANTS-APPELLANTS. 






GOLDBERG SEGALLA LLP, SYRACUSE (AARON M. SCHIFFRIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered April 19, 2021. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the bicycle he was riding collided at an intersection with a police vehicle operated by defendant Gregory J. DiPuccio (defendant officer), a police officer employed by defendant Syracuse Police Department who was responding to an emergency call. Defendants thereafter moved for summary judgment dismissing the complaint on the ground that defendant officer did not act with "reckless disregard" for the safety of others. Supreme Court denied the motion, and we affirm.
We conclude that, at the time of the collision, defendant officer was operating an authorized emergency vehicle while involved in an emergency operation (see Vehicle and Traffic Law §§ 101, 114-b). Thus, the standard of liability pursuant to Vehicle and Traffic Law
§ 1104 (e), i.e., reckless disregard for the safety of others, rather than that of ordinary negligence, applies to his actions (see Criscione v City of New York, 97 NY2d 152, 157-158 [2001]; Nikolov v Town of Cheektowaga, 96 AD3d 1372, 1373 [4th Dept 2012]). Although defendants established as a matter of law that defendant officer's conduct did not rise to the level of reckless disregard for the safety of others (see Szczerbiak v Pilat, 90 NY2d 553, 556-557 [1997]), plaintiff raised a triable issue of fact with respect thereto (see Coston v City of Buffalo, 162 AD3d 1492, 1493 [4th Dept 2018]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court