Portis v Yates (2022 NY Slip Op 04456)

Portis v Yates

2022 NY Slip Op 04456

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

346 CA 21-01365

[*1]YVONNIA C. PORTIS, PLAINTIFF-RESPONDENT,
v
NICHOLAS D. YATES, WAYNE COUNTY SHERIFF AND COUNTY OF WAYNE, DEFENDANTS-APPELLANTS. 

GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ELLIOTT STERN CALABRESE, LLP, ROCHESTER (DAVID S. STERN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered May 26, 2021. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when the vehicle she was driving was involved in a collision with a marked patrol vehicle operated by defendant Nicholas D. Yates, a deputy sheriff (deputy), who was at the time responding to a radio dispatch of an armed robbery in progress. The collision occurred when the deputy attempted to pass plaintiff's vehicle on the left, while plaintiff was at the same time attempting to make a left turn. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and defendants now appeal.
Initially, we note that there is no dispute that the deputy was operating an authorized emergency vehicle at the time of the accident (see Vehicle and Traffic Law § 101). Furthermore, we conclude that the deputy was involved in an emergency operation as contemplated by Vehicle and Traffic Law § 114-b (see Criscione v City of New York, 97 NY2d 152, 158 [2001]; Lacey v City of Syracuse, 144 AD3d 1665, 1666 [4th Dept 2016], lv denied 32 NY3d 913 [2019]; Allen v Town of Amherst, 8 AD3d 996, 997 [4th Dept 2004]), and that he was engaged in privileged conduct (see § 1104 [a], [b]; Kabir v County of Monroe, 16 NY3d 217, 220 [2011]). Thus, "the applicable standard of liability is reckless disregard for the safety of others rather than ordinary negligence" (Lacey, 144 AD3d at 1666; see Kabir, 16 NY3d at 220). However, we conclude that defendants failed to meet their initial burden on their motion of establishing as a matter of law that the deputy's actions did not rise to the level of reckless disregard for the safety of others inasmuch as their own submissions raised triable issues of fact with respect to the speed at which the deputy's vehicle was traveling at the time of the accident, whether that speed was reckless under the circumstances, and whether or when he activated his emergency lights and siren (see Sanicola v Wantagh Fire Dist., Inc., 187 AD3d 1232, 1232-1233 [2d Dept 2020]; Connelly v City of Syracuse, 103 AD3d 1242, 1242-1243 [4th Dept 2013]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Thus, the court properly denied the motion regardless of the sufficiency of plaintiff's opposing papers (see generally Winegrad, 64 NY2d at 853).
We have considered defendants' remaining contentions and conclude that they do not warrant modification or reversal of the order.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court