Gernatt v Gregoire (2023 NY Slip Op 03094)

Gernatt v Gregoire

2023 NY Slip Op 03094

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

111 CA 22-00606

[*1]CODY RAY GERNATT, PLAINTIFF-APPELLANT,
v
MICHAEL W. GREGOIRE, DEFENDANT-RESPONDENT. 

SHAW & SHAW, P.C., HAMBURG (BLAKE ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered April 13, 2022. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained in a motor vehicle accident. At the time of the incident, defendant was responding to a radio dispatch of a "possible burglar alarm" when his police vehicle, traveling in the northbound lane of travel, collided with plaintiff's vehicle as that vehicle was making a left turn from the southbound lane. Defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that at the time of the accident defendant was operating the police vehicle while involved in an emergency operation and that his operation of the police vehicle was not reckless as a matter of law. Supreme Court granted the motion, and plaintiff now appeals. We reverse.
Initially, we note that there is no dispute that defendant was operating an "authorized emergency vehicle" (Vehicle and Traffic Law
§ 101) and was " 'engage[d] in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b),' " i.e., exceeding the maximum speed limit (Torres-Cummings v Niagara Falls Police Dept., 193 AD3d 1372, 1374 [4th Dept 2021], quoting Kabir v County of Monroe, 16 NY3d 217, 220 [2011]; see § 1104 [b] [3]). Contrary to plaintiff's contention, we conclude that defendant met his initial burden on the motion of establishing that defendant was involved in an emergency operation as contemplated by Vehicle and Traffic Law § 114-b (see Lacey v City of Syracuse, 144 AD3d 1665, 1666 [4th Dept 2016], lv denied 32 NY3d 913 [2019]; see also Criscione v City of New York, 97 NY2d 152, 157-158 [2001]; Allen v Town of Amherst, 8 AD3d 996, 997 [4th Dept 2004]). Plaintiff does not dispute that defendant established that he was responding to a dispatch call but instead contends that defendant failed to establish that the call was an emergency and that defendant's response thereto constituted emergency operation. We reject that contention. "Given the legislative determination that a police dispatch call is an 'emergency operation,' it is irrelevant whether the officer[] believed that the [dispatch] call was an emergency or how [the relevant department] categorized this type of call" (Criscione, 97 NY2d at 158; see Coston v City of Buffalo, 162 AD3d 1492, 1493 [4th Dept 2018]; Lacey, 144 AD3d at 1666). Based on the above, we conclude that defendant's conduct is governed by the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e), rather than the ordinary negligence standard of care (see Lacey, 144 AD3d at 1666; see § 1104 [a], [b], [e]).
Nonetheless, we agree with plaintiff that defendant failed to meet his initial burden of [*2]establishing as a matter of law that his actions did not rise to the level of reckless disregard for the safety of others. The Court of Appeals has stated, as the dissent recognizes, that the "reckless disregard standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims . . . Rather, for liability to be predicated upon a violation of Vehicle and Traffic Law § 1104, there must be evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]). While we certainly recognize that the reckless disregard standard is a heightened standard from ordinary negligence, the reckless disregard standard still "retains and recognizes the potential for liability as a protection for the general public against disproportionate, overreactive conduct" (Campbell v City of Elmira, 84 NY2d 505, 513 [1994]).
Although, as noted above, "the nature of the underlying police call or the officer's perception of its urgency is irrelevant for purposes of ascertaining whether the officer was engaged in an emergency operation pursuant to Vehicle and Traffic Law § 114-b, the nature of the call nevertheless is relevant in determining whether a responding officer's conduct was in reckless disregard for the safety of others" (O'Banner v County of Sullivan, 16 AD3d 950, 952 [3d Dept 2005] [internal quotation marks omitted]; see Allen, 8 AD3d at 997). Moreover, other factors that are relevant in determining whether an officer's conduct amounted to reckless disregard include the nature of the road, traffic and weather conditions, the time of day, the speed of the officer's vehicle, and whether the officer followed departmental guidelines (see PJI 2:79A; see e.g. Portis v Yates, 207 AD3d 1137, 1138 [4th Dept 2022]; Coston, 162 AD3d at 1492; Connelly v City of Syracuse, 103 AD3d 1242, 1242-1243 [4th Dept 2013]).
Here, defendant submitted the deposition testimony of plaintiff, who testified that as plaintiff approached the intersection from the two-lane, hilly, wet road, he did not see any other vehicles when he activated his left turn signal. Plaintiff testified that he began his left turn and was already in the process thereof when he first noticed defendant's vehicle approaching his vehicle. Contrary to the dissent's position, plaintiff maintains that defendant failed to yield to plaintiff's right-of-way and did not concede the issue. Plaintiff further testified that defendant's vehicle was coming toward his vehicle at a "high rate of speed" and did not have on any headlights, siren or flashing lights. While there was evidence that defendant attempted to brake before colliding with plaintiff's vehicle, there was undisputed evidence that defendant's vehicle was traveling 70 miles per hour in a 55 mile per hour zone just prior to the collision and that defendant was still traveling 47 miles per hour at the time of impact with plaintiff's vehicle. Defendant submitted his own deposition testimony which established that at the time of the accident defendant was responding to a police dispatch call of a "possible burglar alarm." Defendant further testified that he was not sure whether he was responding to an emergency situation and only knew at the time that he was responding to "an alarm" at an address. We conclude that defendant's own submissions failed to eliminate triable issues of fact whether defendant acted with reckless disregard under the circumstances (see Portis, 207 AD3d at 1138; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Contrary to the dissent's urging, our decision in Herod v Mele (62 AD3d 1269 [4th Dept 2009], lv denied 13 NY3d 717 [2010]) and the other cases cited by the dissent do not compel a different result. In Herod, the officer was responding to a dispatch call of a "fight in progress" at the time of the accident (id. at 1270). This Court concluded that "[b]ased on the threat to the safety of the persons involved in the fight to which [the officer] was responding, he was duty-bound to use all reasonable means to arrive at the scene as soon as possible . . . [and] [t]he risks taken by [the officer] in responding to the call were justified" (id.). Unlike that case, here, defendant's evidence established only that the officer was responding to a "possible burglar alarm" and thus, unlike in Herod, questions of fact exist whether the emergency to which defendant was responding justified his conduct.
We therefore conclude that the court should have denied defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of plaintiff's opposing papers (see Winegrad, 64 NY2d at 853).
All concur except Peradotto, J.P., and Lindley, J., who dissent and vote to affirm in [*3]the following memorandum: We respectfully dissent because in our view the majority's determination in this case disregards materially indistinguishable case law and improperly dilutes the reckless disregard standard of liability, which is designed to constitute a higher standard than that applicable to ordinary negligence claims.
The subject motor vehicle accident occurred during daytime shortly before 10:00 a.m. when defendant, a New York State Trooper, was traveling northbound on a rural, two-lane road in a sparsely populated area while responding to a radio dispatch. Plaintiff, driving southbound on the road, attempted to make a left turn onto another road in front of the oncoming police car operated by defendant. Unable to stop in time, defendant struck plaintiff's vehicle on the passenger side, causing injuries to plaintiff. There is no dispute that defendant had the right-of-way and that plaintiff was later convicted of failing to yield the right-of-way in violation of Vehicle and Traffic Law § 1140 (a).
We agree with the majority that defendant, in moving for summary judgment dismissing the complaint, met his initial burden of establishing as a matter of law that he was engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 114-b at the time of the accident. We also agree with the majority that Supreme Court properly determined that the standard of care to be applied to defendant's conduct is "reckless disregard for the safety of others," as set forth in Vehicle and Traffic Law § 1104 (e), rather than ordinary negligence (see generally Kabir v County of Monroe, 16 NY3d 217, 222-223 [2011]). Unlike the majority, however, we conclude that defendant also met his initial burden of establishing that his conduct did not "rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]), and in response plaintiff failed to raise an issue of fact. Thus, in our view, the court properly granted defendant's motion for summary judgment dismissing the complaint, and we would therefore affirm.
As the Court of Appeals has made clear, the reckless disregard standard "demands more than a showing of a lack of 'due care under the circumstances'—the showing typically associated with ordinary negligence claims" (Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Rather, liability under the reckless disregard standard "is established upon a showing that the covered vehicle's operator has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015] [internal quotation marks omitted]; see Alexandra R. v Krone, 186 AD3d 981, 982 [4th Dept 2020], appeal dismissed 36 NY3d 922 [2020], lv denied 37 NY3d 907 [2021]).
Here, the evidence submitted by defendant established that he was traveling no more than 70 miles per hour when responding to the emergency, and that the posted speed limit in the area is 55 miles per hour. Data retrieved from the "black box" in the police vehicle showed that defendant started slowing down five seconds before the collision, decreasing his speed to 47 miles per hour by the time of impact. It is well settled that speeding by a police officer while operating an emergency vehicle during an emergency operation "certainly cannot alone constitute a predicate for liability, since it is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (Saarinen, 84 NY2d at 503; see Hubbard v Robinson, 184 AD3d 1097, 1099 [4th Dept 2020]; Michaels v Drake [appeal No. 2], 120 AD3d 1593, 1594 [4th Dept 2014]), and the record here reveals no other conduct allegedly engaged in by defendant that made it " 'highly probable that harm would follow' " (Saarinen, 84 NY2d at 501).
Indeed, "[t]he other circumstances on which plaintiff and [the majority] rely—[i.e.,] the wet condition of the road[ and defendant's decision not to activate the emergency lights of the police vehicle]—are similarly unpersuasive, particularly in the context of an inquiry based on the 'reckless disregard' standard" (id. at 503). We considered a materially indistinguishable fact pattern in Herod v Mele (62 AD3d 1269 [4th Dept 2009], lv denied 13 NY3d 717 [2010]), where there was evidence that, in addition to exceeding the posted speed limit, the officer "was traveling on wet roads without having activated the lights and siren on his police vehicle and . . . experienced a short-term reduction in visibility of the intersection where the collision occurred" (id. at 1270). We nevertheless concluded that "those factors also do not rise to the level of reckless disregard for the safety of others" (id.). As here, the officer in Herod "had the right-of-way at the intersection," and there was "no evidence of any traffic at or near that [*4]intersection other than [the] plaintiffs' vehicle" (id.). Inasmuch as there is no evidence that defendant violated internal policies of the New York State Police or regulations by not activating his emergency lights and sirens (cf. McLoughlin v City of Syracuse, 206 AD3d 1600, 1602 [4th Dept 2022]), our holding in Herod is dispositive.
Notably, the majority does not—and cannot—reasonably distinguish Herod. In the case before us, defendant, although speeding during his daytime response to a radio dispatch for a burglary alarm, was operating his vehicle within and in the direction of his lane of travel and had the right-of-way, and nothing in the record suggests that such a response to a suspected burglary, which defendant characterized as serious, was reckless (see Saarinen, 84 NY2d at 503). Consequently, we see no basis to support the conclusion that a triable issue of fact exists on the issue whether defendant acted with reckless disregard. Because the majority's determination in this case contravenes the standard established by the legislature and applied in our case law, we decline to join in that result. 
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court