Gwathney v City of Buffalo (2025 NY Slip Op 07175)

Gwathney v City of Buffalo

2025 NY Slip Op 07175

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

903 CA 24-01337

[*1]KESHIA GWATHNEY, PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CAVETTE CHAMBERS, CORPORATION COUNSEL, BUFFALO (WILLIAM MATHEWSON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Edward Pace, J.), entered July 30, 2024. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained in a motor vehicle accident. At the time of the accident, a police officer employed by defendant's police department was responding to a radio dispatch to assist another officer. The police officer's vehicle approached plaintiff's vehicle from behind, traveling in excess of 50 miles per hour in a residential area. The officer attempted to pass plaintiff's vehicle on the left by crossing into the oncoming lane of travel, at which point it collided with plaintiff's vehicle, which was beginning to turn left onto an intersecting road. Defendant moved for summary judgment dismissing the complaint on the ground that, at the time of the accident, its employee was operating his police vehicle while involved in an emergency operation and that his operation of the police vehicle was not reckless as a matter of law. Supreme Court granted the motion, and plaintiff now appeals. We reverse.
Initially, we note that there is no dispute that the officer's conduct is governed by the reckless disregard standard of care set forth in Vehicle and Traffic Law § 1104 (e), rather than the ordinary negligence standard of care, inasmuch as the officer was operating an "authorized emergency vehicle" (§ 101) and was " 'engage[d] in . . . specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)' " (Torres-Cummings v Niagara Falls Police Dept., 193 AD3d 1372, 1374 [4th Dept 2021], quoting Kabir v County of Monroe, 16 NY3d 217, 220 [2011]), i.e., exceeding the maximum speed limit and disregarding regulations governing directions of movement (see § 1104 [b] [3], [4]). The "reckless disregard standard demands more than a showing of a lack of due care under the circumstances—the showing typically associated with ordinary negligence claims . . . Rather, for liability to be predicated upon a violation of Vehicle and Traffic Law § 1104, there must be evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]). Although the reckless disregard standard is a heightened standard compared to ordinary negligence, it "retains and recognizes the potential for liability as a protection for the general public against disproportionate, overreactive conduct" (Campbell v City of Elmira, 84 NY2d 505, 512 [1994]).
We agree with plaintiff that the court erred in granting the motion. Even assuming, arguendo, that defendant met its initial burden on the motion of establishing as a matter of law that the police officer's conduct did not rise to the level of reckless disregard for the safety of others (see Szczerbiak v Pilat, 90 NY2d 553, 556-557 [1997]), we conclude that plaintiff raised a triable issue of fact in opposition (see Farwell v City of Syracuse, 203 AD3d 1733, 1734 [4th Dept 2022]). Specifically, "view[ing] the evidence in the light most favorable to the party opposing the motion [and] giving that party the benefit of every reasonable inference," as we must (Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that plaintiff's submissions raise questions of fact as to the speed at which the officer's vehicle was traveling at the time of the accident and whether the officer was operating the siren in his vehicle, which would have been required by department policy (see Gernatt v Gregoire, 217 AD3d 1340, 1342 [4th Dept 2023]; Portis v Yates, 207 AD3d 1137, 1138 [4th Dept 2022]; McLoughlin v City of Syracuse, 206 AD3d 1600, 1602 [4th Dept 2022]; see also Regdos v City of Buffalo, 132 AD3d 1343, 1343 [4th Dept 2015]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court