Saxby v City of New York (2026 NY Slip Op 00274)

Saxby v City of New York

2026 NY Slip Op 00274

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07736
 (Index No. 516298/18)

[*1]Phillip Saxby, appellant, 
vCity of New York, et al., respondents.

The Paris Law Group, P.C. (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Janet L. Zaleon of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated September 7, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses.
ORDERED that the order is affirmed, with costs.
On December 15, 2017, a vehicle driven by the plaintiff was struck by a fire engine operated by the defendant Stephen Carrig, sued herein as "John" Carrig. At the time of the incident, Carrig was responding to an emergency call with the lights and sirens of the fire engine activated. As Carrig made a left turn onto Quincy Street from the right lane of Marcus Garvey Boulevard, the rear of the fire engine struck the front passenger side of the plaintiff's vehicle, which had pulled over to the left-hand side of Marcus Garvey Boulevard before the intersection.
The plaintiff commenced this personal injury action against the defendants to recover damages for personal injuries he alleged he sustained as a result of the accident. The defendants subsequently moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses. In an order dated September 7, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of authorized emergency vehicles from certain traffic rules, as set forth in Vehicle and Traffic Law § 1104(b), as long as the driver is involved in an emergency operation and has not acted in reckless disregard for the safety of others (see Anderson v Commack Fire Dist., 39 NY3d 495, 514; Criscione v City of New York, 97 NY2d 152, 158). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220). Conduct exempted by Vehicle and Traffic Law § 1104(b) includes disregarding regulations governing the direction of movement or turning in specified directions (see id. § 1104[b][4]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the reckless disregard standard of Vehicle and Traffic Law § 1104 was applicable to Carrig's conduct (see Thomas v City of New York, 172 AD3d 1132, 1133) and that Carrig's conduct did not rise to the level of reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 503; McGough v City of Long Beach, 174 AD3d 698, 699-700). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). For similar reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the defendants' affirmative defenses. Accordingly, the Supreme Court properly granted the defendants' motion and denied the plaintiff's motion.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court