NEIL P. JACOBS et al., Respondents-Appellants, v JAMES KENT, Appellant-Respondent. [757 NYS2d 408] —Appeal and cross appeal from an order of Supreme Court, Genesee County (Noonan, J.), entered April 26, 2002, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Neil P. Jacobs (plaintiff) when he was shot by defendant in an accident while turkey hunting. Defendant's hunting party had established its position in the woods, and plaintiff's hunting party entered that

area of the woods while looking for an area in which to hunt. According to defendant, he fired into the dense underbrush after hearing a gobbling sound and seeing a flash of red, and he thereupon discovered that he had shot plaintiff. Plaintiffs moved for partial summary judgment on the issue of liability, contending that the failure of defendant to identify his target was the sole proximate cause of the accident, and defendant cross-moved for summary judgment dismissing the complaint based on the doctrine of primary assumption of risk. Supreme Court properly denied both the motion and the cross motion.

As the court properly determined, while plaintiff assumed the risks inherent in the sport of hunting, he did not assume the risks associated with another hunter's intentional or reckless conduct or conduct that unreasonably increased the sport's inherent risks (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Pelkey v Viger*, 289 AD2d 899, 900 [2001], *appeal dismissed* 98 NY2d 707 [2002]). Plaintiffs established that turkey hunters should not shoot until they clearly see the whole turkey and are able to ascertain its gender. Here, there is an issue of fact whether defendant failed to abide by that rule, resulting in plaintiff's being shot. Whether defendant's actions were reckless or unreasonably increased the risks of injury inherent in the sport of hunting is for the trier of fact to resolve. It cannot be determined as a matter of law whether the doctrine of primary assumption of risk is applicable here, and thus summary judgment is inappropriate (*see Morgan v Ski Roundtop*, 290 AD2d 618, 620 [2002]). In addition, there is an issue of fact regarding plaintiff's comparative negligence and implied assumption of risk arising from plaintiff's conduct at the time of the accident. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.