McElhinney v Fitzpatrick (2021 NY Slip Op 02694)





McElhinney v Fitzpatrick


2021 NY Slip Op 02694


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1089 CA 20-00722

[*1]RYAN J. MCELHINNEY, PLAINTIFF-RESPONDENT,
v
TIMOTHY W. FITZPATRICK, INDIVIDUALLY AND IN HIS CAPACITY AS A MONROE COUNTY SHERIFF'S DEPUTY, DEFENDANT-APPELLANT. 






JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ADAM M. CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ROTHENBERG LAW, ROCHESTER (DAVID A. ROTHENBERG OF COUNSEL), AND CERULLI MASSARE & LEMBKE, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered February 24, 2020. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when the vehicle he was driving was struck by a patrol vehicle operated by defendant, a deputy sheriff employed by the Monroe County Sheriff's Office, who was at the time responding to a call. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We affirm.
Even assuming, arguendo, that defendant met his initial burden on the motion, we conclude that, in opposition, plaintiff raised triable issues of fact whether, at the time of the accident, defendant was operating his vehicle with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]). Whether a defendant acted with "reckless disregard" is a "fact-specific inquiry" that focuses on "the precautionary measures taken by [the officer] to avoid causing harm to the general public weighed against his [or her] duty to respond to an urgent emergency situation" (Frezzell v City of New York, 24 NY3d 213, 217-218 [2014] [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]).
Here, it is undisputed that defendant was traveling between 72 and 78 miles per hour on a road in a residential area that had a posted speed limit of 35 miles per hour. It was dark, and defendant had not activated his siren or his emergency lights. He also did not slow down before the impact, did nothing to try to avoid the accident, and was apparently accelerating at the time of the collision. Although Vehicle and Traffic Law § 1104 authorizes the driver of an emergency vehicle to "[e]xceed the maximum speed limits," he or she may do so only "so long as he [or she] does not endanger life or property" (§ 1104 [b] [3]). We conclude that the evidence demonstrating that defendant did not take any precautionary measures raises triable questions of fact whether his conduct leading up to the accident endangered life or property (see Perkins v City of Buffalo, 151 AD3d 1941, 1941-1942 [4th Dept 2017]; Connelly v City of Syracuse, 103 AD3d 1242, 1242-1243 [4th Dept 2013]). Furthermore, evidence establishing that defendant did not activate his emergency lights or siren, even though he would have been justified in doing so and was reprimanded for not doing so, also raises an issue of fact with respect to defendant's recklessness (see O'Banner v County of Sullivan, 16 AD3d 950, 952 [3d Dept 2005]; see also Regdos v City of Buffalo, 132 AD3d 1343, 1343 [4th Dept 2015]; O'Connor v City of New York, [*2]280 AD2d 309, 309 [1st Dept 2001], lv denied 96 NY2d 716 [2001]). Thus, viewing the facts in the light most favorable to plaintiff as the nonmoving party and drawing all inferences in his favor (see Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd 33 NY3d 523 [2019]), we conclude that Supreme Court properly denied the motion (see Spalla v Village of Brockport, 295 AD2d 900, 900-901 [4th Dept 2002]; see also McCarthy v City of New York, 250 AD2d 654, 655 [2d Dept 1998]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court