Pachan v Brown (2022 NY Slip Op 02684)

Pachan v Brown

2022 NY Slip Op 02684

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.

275 CA 21-00872

[*1]MICHAEL PACHAN AND MIRANDA PACHAN, PLAINTIFFS-APPELLANTS,
v
SCOTT E. BROWN, DEFENDANT-RESPONDENT. 

VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HAGELIN SPENCER LLC, BUFFALO (SEAN M. SPENCER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 14, 2021. The order denied plaintiffs' motion for summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is granted.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Michael Pachan (plaintiff) when he was shot by defendant while plaintiff and a friend were turkey hunting. Defendant, who was also turkey hunting, set up decoys and waited. He "saw something black" as well as "white" and, believing the object to be a male turkey, fired his shotgun, hitting both plaintiff and his friend. As a result of that incident, defendant was convicted upon a plea of guilty of attempted assault in the third degree (Penal Law
§§ 110.00, 120.00). Plaintiffs moved for summary judgment on the issue of negligence, contending that defendant was negligent as a matter of law because he failed to confirm that the object he shot at was a turkey and that he is collaterally estopped, by virtue of his conviction, from relitigating the issue of his negligence. Supreme Court denied the motion. Plaintiffs appeal and we reverse.
We conclude that plaintiffs are entitled to summary judgment on the issue of negligence. We agree with plaintiffs that they established as a matter of law that defendant was negligent by failing to exercise the degree of care that a reasonable person "of ordinary prudence would exercise under the circumstances, commensurate with
. . . the known dangers and risks reasonably to be foreseen" (Mikula v Duliba, 94 AD2d 503, 506 [4th Dept 1983]), and that defendant failed to raise an issue of fact in response. We also agree with plaintiffs that triable issues of fact regarding plaintiff's comparative negligence do not preclude an award of summary judgment in plaintiffs' favor on the issue of defendant's negligence (see Rodriguez v City of New York, 31 NY3d 312, 323-325 [2018]).
To the extent that our prior determination in Jacobs v Kent (303 AD2d 1000, 1001 [4th Dept 2003]) holds otherwise, we note that our decision was issued before the Court of Appeals decided Rodriguez. The Court in Rodriguez concluded that a plaintiff may obtain summary judgment on the issue of a defendant's liability without establishing the absence of the plaintiff's comparative negligence (see 31 NY3d at 323). The Court of Appeals reasoned that "comparative negligence is not a defense to the cause of action of negligence, because it is not a defense to any element (duty, breach, causation) of plaintiff's prima facie cause of action for negligence" (id. at 320). Indeed, as CPLR 1411 "plainly states" (Rodriguez, 31 NY3d at 320), "[i]n any action to recover damages for personal injury, . . . the culpable conduct attributable to the [plaintiff] . . . shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in [*2]the proportion . . . attributable to the [plaintiff]" (CPLR 1411).
In light of our determination, we do not address plaintiffs' collateral estoppel contention.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court