Ellis v City of Buffalo (2023 NY Slip Op 03982)

Ellis v City of Buffalo

2023 NY Slip Op 03982

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

150 CA 22-00155

[*1]BRANDON P. ELLIS, AS GUARDIAN OF THE PERSON AND PROPERTY OF CHELSEA L. ELLIS, AN INCAPACITATED INDIVIDUAL, PLAINTIFF-APPELLANT-RESPONDENT,
v
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, BRANDEN D. LOWE, DEFENDANTS-RESPONDENTS-APPELLANTS, AND JYIRAH C. BAILEY, DEFENDANT-RESPONDENT. (ACTION NO. 1.) - KARLEY A.G. MUELLER, PLAINTIFF-APPELLANT-RESPONDENT, 
 CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, BRANDEN D. LOWE, DEFENDANTS-RESPONDENTS-APPELLANTS, ET AL., DEFENDANT. (ACTION NO. 2.) - JYIRAH C. BAILEY, PLAINTIFF-APPELLANT-RESPONDENT, 
 CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT AND BRANDEN D. LOWE, DEFENDANTS-RESPONDENTS-APPELLANTS. (ACTION NO. 3.) - JAMES BARCLAY, IV, PLAINTIFF-APPELLANT-RESPONDENT, 
 CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, BRANDEN D. LOWE, DEFENDANTS-RESPONDENTS-APPELLANTS, ET AL., DEFENDANT. (ACTION NO. 4.) - NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, AS SUBROGEE OF CHELSEA ELLIS, PLAINTIFF-RESPONDENT, 
 
CITY OF BUFFALO, BRANDEN D. LOWE, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. (ACTION NO. 5.) 

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT IN ACTION NO. 1. 
[*2]DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT IN ACTION NO. 3. 
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (CHARLES S. DESMOND, II, OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT IN ACTION NO. 2.
STEINER & BLOTNIK, BUFFALO (M. KREAG FERULLO OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT IN ACTION NO. 4. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, AND BRANDEN D. LOWE. 

 Appeals and cross-appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered January 7, 2022. The order, among other things, denied those parts of the motions of plaintiffs in action Nos. 1 and 3 and the cross-motions of plaintiffs in action Nos. 2 and 4 for summary judgment on the issue of the negligence of defendant Branden D. Lowe and determined that the reckless disregard standard applies, denied those parts of those motions and cross-motions of those plaintiffs for summary judgment dismissing the affirmative defenses of the reckless disregard exemption and the emergency doctrine as asserted by Lowe and defendants City of Buffalo and Buffalo Police Department, granted those parts of the cross-motions of those defendants to remove Buffalo Police Department as a named defendant in action Nos. 1 through 4, and denied those parts of the cross-motions of those defendants to dismiss the complaints against Lowe and the City of Buffalo. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motions of plaintiffs in action Nos. 1 and 3 and the cross-motions of plaintiffs in action Nos. 2 and 4 seeking partial summary judgment against defendants City of Buffalo and Branden D. Lowe on the issue of their liability based on Lowe's operation of his vehicle with reckless disregard for the safety of others and partial summary judgment dismissing those defendants' first and second affirmative defenses in action Nos. 1 through 4, and as modified the order is affirmed without costs.
Memorandum: In the early afternoon on a weekday in 2020, defendant Branden D. Lowe, a police officer with defendant Buffalo Police Department (BPD), responded to a call concerning an alleged domestic violence incident involving a knife. Alone in his marked police vehicle, Lowe drove in a southbound direction in the northbound lanes of a four-lane street in a residential area, reaching speeds of up to 80 miles per hour (mph). At an intersection, Lowe's vehicle struck a vehicle owned and operated by Jyirah C. Bailey, plaintiff in action No. 3 and a defendant in the other actions. As a result of that collision, the police vehicle went off the road and struck two pedestrians on a sidewalk, Chelsea L. Ellis and plaintiff in action No. 2, Karley A.G. Mueller. Due to the extensive injuries that Chelsea L. Ellis sustained, Brandon P. Ellis (Ellis), plaintiff in action No. 1, was appointed to be the guardian of her person and property. James Barclay, IV, plaintiff in action No. 4, was a passenger in Bailey's vehicle.
Ellis, Mueller, Bailey, and Barclay (collectively, personal injury plaintiffs) commenced action Nos. 1 through 4, respectively, seeking to recover damages for the injuries sustained as a result of the accident. New York Central Mutual Fire Insurance Company, plaintiff in action No. 5, commenced that action as a subrogee of Chelsea Ellis. The five actions were consolidated. Following discovery, Ellis and Bailey filed motions, and Mueller and Barclay filed cross-motions, for partial summary judgment on, inter alia, the issue of the liability of City of Buffalo (City), BPD, and Lowe and dismissing those defendants' first and second affirmative defenses, which asserted immunity under Vehicle and Traffic Law § 1104 and the emergency doctrine. In all five actions, the City, BPD, and Lowe filed cross-motions for summary judgment dismissing the complaints against them.
In action Nos. 1 through 5, Supreme Court denied the cross-motions for summary judgment dismissing the complaints but dismissed the actions against BPD, leaving only the City and Lowe (collectively, City defendants) as municipal defendants. The court also determined that the reckless disregard standard of Vehicle and Traffic Law § 1104 (e) applied to Lowe's [*3]conduct, rejecting the personal injury plaintiffs' contentions that his conduct should be viewed under a negligence standard. The court denied the personal injury plaintiffs' motions and cross-motions insofar as they sought summary judgment with respect to the issue of the City defendants' liability on the basis that Lowe had operated his vehicle with reckless disregard for the safety of others (Vehicle and Traffic Law § 1104 [e]). The court also denied those motions and cross-motions insofar as they sought dismissal of the first and second affirmative defenses. The court did not address that part of Bailey's motion seeking summary judgment determining as a matter of law that she was not liable.
The personal injury plaintiffs appeal in action Nos. 1 through 4, respectively, and the City defendants and BPD cross-appeal in action Nos. 1 through 5. We now modify the order by granting those parts of the personal injury plaintiffs' motions and cross-motions seeking partial summary judgment against the City defendants on the issue of their liability based on Lowe's operation of his vehicle with reckless disregard for the safety of others and partial summary judgment dismissing the City defendants' first and second affirmative defenses.
Preliminarily, we note that the court's failure to rule on that part of Bailey's motion in action No. 3 seeking summary judgment determining as a matter of law that she was not liable "is deemed a denial thereof" (Utility Servs. Contr., Inc. v Monroe County Water Auth., 90 AD3d 1661, 1662 [4th Dept 2011], lv denied 19 NY3d 803 [2012]; see Brown v U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]). Inasmuch as Bailey has not addressed that part of her motion on this appeal, we deem any challenge to the court's implicit denial of that part of her motion abandoned (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Contrary to the contention of the personal injury plaintiffs on their appeals, the court properly denied their motions and cross-motions to the extent that they sought a determination that the ordinary negligence standard applies to Lowe's conduct (see generally Kabir v County of Monroe, 16 NY3d 217, 220, 230-231 [2011]). The undisputed evidence established as a matter of law that Lowe was operating an authorized emergency vehicle at the time of the accident (see Vehicle and Traffic Law § 101) and that he was involved in an emergency operation as contemplated by Vehicle and Traffic Law § 114-b (see Criscione v City of New York, 97 NY2d 152, 158 [2001]; Lacey v City of Syracuse, 144 AD3d 1665, 1666 [4th Dept 2016], lv denied 32 NY3d 913 [2019]). Moreover, we conclude that the "injury-causing conduct" (Kabir, 16 NY3d at 224), i.e., exceeding the maximum speed limit and disregarding regulations concerning directions of movement, was privileged conduct (see § 1104 [a], [b] [3], [4]; cf. McLoughlin v City of Syracuse, 206 AD3d 1600, 1601-1602 [4th Dept 2022]; Oddo v City of Buffalo, 159 AD3d 1519, 1521-1522 [4th Dept 2018]). Thus, "the applicable standard of liability is reckless disregard for the safety of others rather than ordinary negligence" (Lacey, 144 AD3d at 1666; see Kabir, 16 NY3d at 220).
Although we reject the personal injury plaintiffs' contention on their appeals that Lowe's actions should be judged under a negligence standard, we agree with them that they established as a matter of law that Lowe acted with reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104 [e]). We conclude that the personal injury plaintiffs are entitled to summary judgment on the issue of the City defendants' liability on that basis, regardless of any potential fault of Bailey (see Rodriguez v City of New York, 31 NY3d 312, 324 [2018]; Pachan v Brown, 204 AD3d 1435, 1436-1437 [4th Dept 2022]).
It is well settled that "Vehicle and Traffic Law § 1104 . . . permits the driver of an 'authorized emergency vehicle' . . . to proceed past red traffic lights and stops signs, exceed the speed limit and disregard regulations regarding the direction of traffic, as long as certain safety precautions are observed" (Saarinen v Kerr, 84 NY2d 494, 499 [1994] [emphasis added]). The law is intended to "accommodate[ ] the realities of the dangerous conditions encountered by officers in performing their municipal duties with necessary dispatch and dispensation from ordinary care" (Campbell v City of Elmira, 84 NY2d 505, 512 [1994]), but it is also intended to "protect[ ] innocent victims and the general public by expressly not relieving emergency operators and their municipal employers of all reasonable care" (id. at 513). In other words, emergency personnel will be liable for "disproportionate, overreactive conduct" (id. at 512).
The Court of Appeals has explained that, in order "for liability to be predicated upon a violation of Vehicle and Traffic Law § 1104, there must be evidence that the actor has [*4]intentionally done an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]; see Levere v City of Syracuse, 173 AD3d 1702, 1704 [4th Dept 2019]). The analysis of whether the reckless disregard standard has been met "is a fact-specific inquiry and our analysis is focused on the precautionary measures taken by [the emergency responder] to avoid causing harm to the general public weighed against [the emergency responder's] duty to respond to an urgent emergency situation" (Frezzell, 24 NY3d at 217-218 [emphasis added]; see McElhinney v Fitzpatrick, 193 AD3d 1409, 1409-1410 [4th Dept 2021]).
The evidence submitted by the personal injury plaintiffs established that Lowe was responding to a call in an area outside of his geographic assignment and that he was aware that 8 to 10 other officers were responding to that call. Additional evidence, including video surveillance footage from various cameras and black box data from the police vehicle and Bailey's vehicle, established that Lowe was traveling southbound at speeds of up to 80 mph on a four-lane street in a residential area, where the speed limit is 30 mph. At one point, Lowe drove into the northbound lanes of travel, which are separated from the southbound lanes by a raised concrete median except at intersections, so that he was effectively speeding the wrong way on a one-way residential street during the afternoon on a weekday when his vehicle struck Bailey's vehicle. The video evidence and black box data also established that Lowe failed to slow before crossing any intersections, i.e., he failed to take "nonreckless safety and due care precautions for others" as required by Vehicle and Traffic Law § 1104 (Campbell, 84 NY2d at 511). Indeed, rather than slow down, Lowe continued to accelerate, even though he testified at his deposition that he knew of the risks associated with traveling at excessive speeds and failing to slow or stop for intersections. The data from the black box of his vehicle establishes that he did not begin braking until two seconds before impact, while he was traveling 78 mph, and was only able to slow down to 49 mph by the moment of impact with Bailey's vehicle. As a result, we conclude that the personal injury plaintiffs established that Lowe's conduct in braking prior to the collision was merely reactionary and not precautionary (cf. Levere, 173 AD3d at 1704; Martinez v City of Rochester, 164 AD3d 1655, 1656 [4th Dept 2018]; Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]).
The personal injury plaintiffs submitted numerous expert affidavits from former law enforcement officers and investigators opining that Lowe acted with reckless disregard in the manner that he operated his vehicle, with two of those experts stating that his conduct "was one of the most egregious and reckless instances of police driving [that they had] ever seen or been asked to evaluate." Under these circumstances, we conclude that Lowe's response to a call to which 8 to 10 other officers were responding was so "disproportionate [and] overreactive" as to amount to reckless disregard for the safety of others as a matter of law (Campbell, 84 NY2d at 512; cf. Frezzell, 24 NY3d at 218). Moreover, Lowe's deposition testimony supports our conclusion that he acted with conscious indifference to the results of his conduct. He testified at his deposition, which was submitted or incorporated by the personal injury plaintiffs in support of their motions and cross-motions, that he did not think he had done anything wrong, and that he would do it all over again. He testified: "there is nothing about this situation that I would ever change." He further testified that he did not see the plaintiff pedestrians until immediately before he struck them, but that he would not have operated his vehicle differently even if he had seen the pedestrians earlier.
We thus conclude that the personal injury plaintiffs met their respective initial burdens of establishing as a matter of law that Lowe's conduct prior to the collision was "of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" and that he acted "with conscious indifference to the outcome" (Frezzell, 24 NY3d at 217 [internal quotation marks omitted]; see generally Ruiz v Cope, 119 AD3d 1333, 1333-1334 [4th Dept 2014]). The City defendants did not submit any expert evidence, and failed to raise triable issues of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
For those reasons, we conclude that the court erred in denying those parts of the personal injury plaintiffs' motions and cross-motions seeking partial summary judgment on liability, based on Lowe's operation of his vehicle with reckless disregard for the safety of others, and dismissal [*5]of the City defendants' first affirmative defense in their answers in action Nos. 1 through 4, asserting immunity under Vehicle and Traffic Law § 1104.
With respect to the City defendants' second affirmative defense in their answers in action Nos. 1 through 4, concerning the application of the emergency doctrine, we conclude that the personal injury plaintiffs established as a matter of law that the emergency doctrine does not apply. The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]; see Miller v Silvarole Trucking Inc., 211 AD3d 1544, 1545 [4th Dept 2022]). However, " '[t]he emergency doctrine is only applicable when a party is confronted by [a] sudden, unforeseeable occurrence not of their own making' " (Miller, 211 AD3d at 1545), and it " 'has no application where[, as here,] the party seeking to invoke it has created or contributed to the emergency' " (id.). Although Lowe was responding to an emergency, the separate emergency involved in the motor vehicle accident was of his own making, i.e., driving the wrong way on a residential street at reckless speeds in the middle of the day. We therefore conclude that the court also erred in denying those parts of the personal injury plaintiffs' motions and cross-motions seeking partial summary judgment dismissing the City defendants' second affirmative defense.
For all of the same reasons, we reject the City defendants' contention on their cross-appeal that the court erred in denying their cross-motions for summary judgment dismissing the complaints.
Finally, we note that our ruling resolves only the issues of the City defendants' liability. A "jury must still determine whether [Bailey] was negligent and whether such negligence was a substantial factor in causing [any of the relevant] injuries. If so, the comparative fault of each party is then apportioned by the jury. Therefore, the jury is still tasked with considering [Bailey's] and [the City defendants'] culpability together" (Rodriguez, 31 NY3d at 324).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court