Granath v Monroe County (2025 NY Slip Op 02521)

Granath v Monroe County

2025 NY Slip Op 02521

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

842 CA 23-01603

[*1]GARY A. GRANATH AND LORRAINE M. GRANATH, PLAINTIFFS-APPELLANTS,
v
MONROE COUNTY, TODD BAXTER, AS SHERIFF OF MONROE COUNTY AND KHADIJA H. FONG, DEFENDANTS-RESPONDENTS. 

FARACI LANGE, LLP, ROCHESTER (LESLEY E. NIEBEL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ALISSA M. BRENNAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered September 11, 2023. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries they sustained in a motor vehicle collision that occurred in an intersection and involved a police vehicle driven by defendant Khadija H. Fong, a Monroe County Sheriff's Deputy. At the time the collision occurred, Fong was responding to a call for an unrelated motor vehicle accident with heavy damage. Fong's vehicle was traveling westbound while proceeding through a red traffic signal, and plaintiffs' vehicle was traveling southbound while proceeding through a green traffic signal. Defendants moved for summary judgment dismissing the complaint on, inter alia, the ground that Fong was engaged in the emergency operation of an authorized emergency vehicle at the time of the accident and her operation of the vehicle was not reckless (see generally Vehicle and Traffic Law § 1104). Supreme Court granted the motion, and plaintiffs now appeal. We affirm.
Pursuant to Vehicle and Traffic Law § 1104, the driver of an emergency vehicle who is engaged in an emergency operation may "[p]roceed past a steady red signal . . . but only after slowing down as may be necessary for safe operation" (§ 1104 [b] [2]; see Martinez v City of Rochester, 164 AD3d 1655, 1655 [4th Dept 2018]; see generally Kabir v County of Monroe, 68 AD3d 1628, 1630 [4th Dept 2009], affd 16 NY3d 217 [2011]). "Under those circumstances, the driver is exempt from the consequences of their ordinary negligence and liable only for conduct constituting 'the higher standard of reckless disregard for the safety of others' " (Williams v City of Buffalo, 229 AD3d 1267, 1267 [4th Dept 2024]). The reckless disregard standard requires "evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Frezzell v City of New York, 24 NY3d 213, 217 [2014] [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501 [1994]). Factors considered in determining whether a police officer acted recklessly in operating an emergency vehicle include the nature of the underlying police call, road conditions, traffic, weather, time of day, the speed of the officer's vehicle, and whether the officer followed departmental guidelines (see Gernatt v Gregoire, 217 AD3d 1340, 1342 [4th Dept 2023]).
Here, we conclude that defendants met their initial burden on the motion. Initially, it is [*2]undisputed that the reckless disregard standard of care applies because Fong was driving an emergency vehicle and was engaged in an emergency operation at the time she proceeded through the red traffic signal (see Vehicle and Traffic Law § 1104 [b] [2]). In addition, defendants established that Fong's conduct did not rise to a level of reckless disregard for the safety of others. Defendants' submissions established, in particular, that Fong took several precautions before proceeding into the intersection against the red traffic signal, including bringing her vehicle to a complete stop, looking in all directions, activating her emergency lights, and proceeding slowly into the intersection (see Levere v City of Syracuse, 173 AD3d 1702, 1704 [4th Dept 2019]; Williams v Fassinger, 119 AD3d 1368, 1369 [4th Dept 2014], lv denied 24 NY3d 912 [2014]; Green v State of New York, 71 AD3d 1310, 1312 [3d Dept 2010]).
In opposition, plaintiffs failed to raise a triable issue of fact. Contrary to plaintiffs' contention and the view of our dissenting colleagues, any deposition testimony suggesting that Fong's view may have been obstructed is speculative and insufficient to raise a triable issue of fact (see Weydman Elec., Inc. v Joint Schs. Constr. Bd., 140 AD3d 1605, 1607 [4th Dept 2016], lv dismissed 28 NY3d 1024 [2016]). Even assuming, arguendo, that Fong "experienced a short-term reduction in visibility of the intersection where the collision occurred," we conclude that "such factor . . . does not constitute reckless disregard for the safety of others under the circumstances of this case" (Nikolov v Town of Cheektowaga, 96 AD3d 1372, 1373 [4th Dept 2012]). Further, plaintiffs contend, and the dissent agrees, that there are questions of fact whether Fong timely engaged her emergency lights and whether she used a siren or horn prior to entering the intersection, and whether such a failure to do so violated departmental policy. However, we reject that contention inasmuch as "the alleged violation [of departmental policy] failed to establish that [Fong's] conduct was reckless" (Hubbard v Robinson, 184 AD3d 1097, 1099 [4th Dept 2022]; see Martinez, 164 AD3d at 1656), and the use of emergency lights or a siren or horn is not required for police vehicles to obtain the benefits of the statute (see Vehicle and Traffic Law § 1104 [c]; Nikolov, 96 AD3d at 1373).
In light of our determination, defendants' remaining contentions are academic.
All concur except Bannister and Nowak, JJ., who dissent and vote to modify in accordance with the following memorandum: We respectfully dissent. In our view, there are triable issues of fact whether defendant Khadija H. Fong, a Monroe County Sheriff's Deputy, operated her vehicle with reckless disregard for the safety of others when she entered the intersection in question without the right-of-way and collided with plaintiffs' vehicle.
It is undisputed that Vehicle and Traffic Law § 1104 applies in this case. Vehicle and Traffic Law § 1104 grants the driver of an authorized emergency vehicle special driving privileges when involved in an emergency operation, including, inter alia, passing through red lights, exceeding the speed limit and disregarding regulations governing the direction of movement or turning in specified directions, "as long as certain safety precautions are observed" (Saarinen v Kerr, 84 NY2d 494, 499 [1994] [emphasis added]; see Frezzell v City of New York, 24 NY3d 213, 217 [2014]; Ellis v City of Buffalo, 218 AD3d 1131, 1135 [4th Dept 2023]). Section 1104 does not "protect the driver from the consequences of [their] reckless disregard for the safety of others" (Frezzell, 24 NY3d at 217). The analysis of whether the reckless disregard standard has been met "is a fact-specific inquiry[,] and our analysis is focused on the precautionary measures taken by [the emergency responder] to avoid causing harm to the general public weighed against [the emergency responder's] duty to respond to an urgent emergency situation" (id. at 217-218 [emphasis added]; see McElhinney v Fitzpatrick, 193 AD3d 1409, 1409-1410 [4th Dept 2021]). "In other words, emergency personnel will be liable for 'disproportionate, overreactive conduct' " (Ellis, 218 AD3d at 1135).
Here, defendants' submissions on their motion reflect that, just prior to the collision at issue here, Fong and two other deputies, each in separate patrol vehicles, were congregating in a parking lot near the intersection in question when they heard a call regarding a motor vehicle accident that happened a few miles away. There is no question that, at the time of the collision with plaintiffs' vehicle, the deputies were responding to the police call, with Fong driving the lead vehicle and the two other deputies driving the second and third patrol vehicles, respectively. There is also no dispute that Fong entered the nearby intersection against the red light and without the right-of-way. Notably, the deputies driving the second and third patrol vehicles did not join Fong in entering the intersection against the red light. The driver of the third patrol [*3]vehicle testified at her deposition that her plan was to wait at the light until it turned green and that she was not intending to go through the intersection against the red light as Fong did.
Fong testified at her deposition that she "believe[d]" that the intersection was clear, and that she had her emergency lights on and was using her air horn. However, both plaintiffs testified at a General Municipal Law § 50-h hearing that they did not see emergency lights and never heard sirens or a horn prior to the impact. The deputy driving the second patrol vehicle testified at his deposition that he believed Fong turned on her vehicle's emergency lights when she stopped at the intersection just before entering against the red light, but never heard a siren being activated. The deputy driving the third patrol vehicle testified at her deposition that she could not recall Fong activating her emergency lights until Fong reached the intersection and never heard sirens. Neither of the deputies following Fong had turned on their vehicles' lights or sirens at any time. Moreover, both of those deputies testified at their depositions that the Monroe County Sheriff's Department policies require that, when an officer goes into emergency operation, the officer is required to dispatch such information and activate the vehicle's lights and sirens or horn. Neither of the deputies following Fong could recall whether Fong dispatched that she was in emergency operation, and both testified that they did not recall her using her vehicle's siren or air horn when entering the intersection.
Additionally, defendants' submissions reflect that there are questions of fact regarding the sight lines of Fong when entering the intersection. Plaintiff Gary A. Granath testified at the General Municipal Law § 50-h hearing that he was familiar with the intersection from his work as a school bus driver and that three of the corners have obstructed views, which could have made it impossible for Fong to properly evaluate the propriety of entering the intersection (see Gernatt v Gregoire, 217 AD3d 1340, 1342 [4th Dept 2023]; McLoughlin v City of Syracuse, 206 AD3d 1600, 1602 [4th Dept 2022]).
Even assuming that Fong stopped before entering the intersection, we conclude that a jury could find based on the facts adduced in defendants' own submissions that Fong entered the intersection in disregard of the traffic signal, that she failed to activate her emergency lights and siren in the presence of an obstructed view, and that her actions were in violation of departmental policy and, consequently, that Fong acted with reckless disregard for the safety of others. Thus, viewing the facts in the light most favorable to plaintiffs as the nonmoving party and drawing all inferences in their favor, we conclude that Supreme Court should have denied the motion insofar as it sought summary judgment dismissing the complaint on the ground that Fong, as a matter of law, did not act with reckless disregard under Vehicle and Traffic Law § 1104 (see McElhinney, 193 AD3d at 1410; see generally Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd 33 NY3d 523 [2019]).
Finally, with respect to defendants' contentions that affirmance is nevertheless warranted on alternative grounds, we agree that the court properly granted defendants' motion to the extent that it sought summary judgment dismissing the complaint against defendant Todd Baxter, as Sheriff of Monroe County (see Barr v County of Albany, 50 NY2d 247, 257 [1980]; Smelts v Meloni [appeal No. 3], 306 AD2d 872, 873-874 [4th Dept 2003], lv denied 100 NY2d 516 [2003]). We conclude, however, that defendants' remaining contentions raised as alternative grounds for affirmance lack merit. We therefore would modify the order by denying defendants' motion in part and reinstating the complaint except to the extent that it is asserted against Baxter.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court